# IN RE the MARRIAGE OF: John Andrew HIME, III, Petitioner-Appellant,

## v.

# Lois Hime Byrd MUIR, Respondent.

### Court of Appeals

*No. 84–1305. Submitted on briefs October 23, 1985.—*
*Decided December 23, 1985.*
(Also reported in 381 N.W.2d 607.)

For the petitioner-appellant the cause was submitted on the brief of *Michael W. Gill* and *Hale, Skemp, Hanson & Skemp* of La Crosse.

For the respondent the cause was submitted on the brief of *Sabina Bosshard* and *Bosshard & Associates* of La Crosse.

Before Gartzke, P. J., Dykman and Eich, JJ.

EICH, J. John Hime appeals from an order increasing child support payments for his two minor children. The trial court set the level of support by applying the percentage of income standards developed by the Department of Health and Social Services pursuant to sec. 767.395(3), Stats.

The issues raised by the parties are: (1) whether the percentage standards may be used in proceedings to modify the support provisions of a prior judgment of divorce; and (2) if so, whether the trial court abused its discretion in applying the standards. We do not reach these issues, however. The record indicates that appellant has at least one child from a subsequent marriage in addition to those whose support is at issue in this action. In *In re Paternity of A.S.D.,* 125 Wis.2d 529, 534, 372 N.W.2d 921, 923 (Ct. App. 1985), we held that the percentage standards are inapplicable to "serial children"—or, more properly, to the children of a payor's serial families—living in separate households. We therefore reverse.

The facts are not in dispute. The parties were divorced in 1973, and respondent was awarded custody of their two minor children. Appellant, who then had a gross annual income of $13,000, was ordered to pay $300 per month as child support. Respondent was not employed on a fulltime basis in 1973 and had only a minimal income. At the time the petition to revise support was heard by the trial court, appellant's income had risen to $57,000, and he had moved to California where, he asserts, the cost of living is unusually high. Respondent is now employed fulltime at the University

of Wisconsin at an academic-year salary of $19,300.[1] Both parties have remarried, and appellant and his present wife have a young child, who lives with them in California.

After determining that the parties' circumstances had changed and that a modification of the judgment was appropriate, the trial court set support at $1,187.50 per month—twenty-five percent of appellant's adjusted gross income. This is the amount specified by the percentage standards for noncustodial parents with two minor children.

In *A.S.D.*, the trial court attempted to use the percentage standards, in somewhat modified form, to set support for one of the respondents father's three children.[2] The children were the products of the respondent's relationships with two different women. One child lived with him and the other two lived with their mothers in separate households. We noted that the percentage standards were developed by the department on the assumption of "intact," rather than "serial" families, and pointed out the "unreasonable" and "inequit[able]" results that could flow from applying those standards in cases where the payor is obligated to support multiple children in serial families. *Id.* at 532–33, 372 N.W.2d at 922–23.

Because of the "intact family" basis of the standards, we concluded in *A.S.D.* that "application of [the] percentages to successive children living in separate households is inappropriate. In such situations, the

[1] In 1983, the year prior to the hearing, respondent found summer work raising her gross income for the year to $24,000.

[2] *A.S.D.* was a paternity proceeding, not divorce, but the percentage standards are made applicable to such proceedings pursuant to sec. 767.51(5m), Stats.

court may not use the guidelines [e.g., the percentage standards] but must hear the evidence and proceed to establish support by applying relevant criteria under sec. 767.51(5)." *Id.* at 534, 372 N.W.2d at 923.

Section 767.51(5), Stats., lists several factors which must be considered by the trial court when setting support in paternity cases. As such, it is the companion to sec. 767.25(1m), which sets forth the support criteria applicable to divorce proceedings.[3]

In this case, appellant, like the payor in *A.S.D.*, has fathered children in serial families, and although he does not refer to *A.S.D.* (which was decided after the briefs were filed in this appeal), he argues that the trial court's use of the standards was inequitable in that they fail to take into account the existence of his obligations to his "new" family. It appears, then, that the only difference between appellant's situation and that of the father in *A.S.D.* is that some or all of the latter's children were born out of wedlock, a factor wholly irrelevant to the determination of support.

As long as the department's standards contemplate only intact, rather than serial families, they remain inapplicable to cases where the payor's support obligations run to children of serial families living in separate households. Here, as in *A.S.D.*, the standards are unavailable to the trial court, and support must be determined by application of the criteria in sec. 767.25(1m), Stats.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.

---

[3] Both secs. 767.51 and 767.25, Stats., allow use of the department's percentage standards "in lieu of" consideration of the listed criteria.